FILED
MAR 16 2010
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK
W10CA071

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Marissa Wankmueller,<br><br>    Plaintiff,<br><br>v.<br><br>Delanore, Kemper & Associates, L.L.C.; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br>COMPLAINT |

For this Complaint, the Plaintiff, Marissa Wankmueller, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Marissa Wankmueller ("Plaintiff"), is an adult individual residing in Killeen, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

2

5. Defendant Delanore, Kemper & Associates, L.L.C. ("Delanore"), is a business entity with an address of 2221 Peachtree Road, Suite 473, Atlanta Georgia 30309, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Delanore and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Delanore at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. Plaintiff incurred a financial obligation of approximately $432 (the "Debt") in connection with a pay day loan.

9. The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Delanore for collection, or Delanore was employed by the creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Delanore Engages in Harassment and Abusive Tactics**

12. Defendants call Plaintiff every day and often twice a day.

13. One of the Collectors, who identified himself as "Shawn," telephoned the Plaintiff's parents and disclosed the Plaintiff's Debt to them.

3

14. Shawn threatened to arrest the Plaintiff and her parents unless the Plaintiff paid the Debt.

15. In conversations with the Plaintiff, Shawn told her that his title was "Investigator" and implied that he was affiliated with a law enforcement agency.

16. Shawn made threatening statements to the Plaintiff, including statements like, "I can make or break you" and "Do you like living in prison cells?"

17. In a telephone conversation with the Plaintiff, Shawn threatened her with arrest unless she made an immediate payment on the Debt.

18. As a result of Shawn's threats, the Plaintiff's father made a payment to the Defendants because he feared that his daughter would be arrested.

19. Another collector for Defendant also called Plaintiff and left a message that she was a "warrant officer."

20. The Defendants failed to mail the Plaintiff a validation notice informing her of the amount of the original Debt and identifying the original Creditor.

21. The Defendants failed to mail the Plaintiff a notice informing her of her right to dispute the Debt and to receive verification of the Debt.

C.  **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

4

24. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that the Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(1) in that the Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that the Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

46. The Defendants falsely accused or threatened to falsely accuse the Plaintiff of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

47. The Defendants threatened that the Plaintiff would be arrested for nonpayment of the debt without court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(5).

48. The Defendants threatened to file a criminal complaint against the Plaintiff, despite having knowledge that the Plaintiff did not violate a criminal law, in violation of Tex. Fin. Code Ann. § 392.301(a)(6).

49. The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

50. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

51. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

52.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.  The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

54.  Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

55.  To establish a claim for invasion of privacy by intrusion into private affairs, the plaintiff must show: (1) the defendant intentionally intruded of the plaintiff's solitude, seclusion, or private affairs; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion. *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

56.  The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with repeated telephone calls.

57.  The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Texas law requirements for an invasion of privacy.

58.  The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

8

59. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

60. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

61. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

62. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

63. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

64. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

65. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT V
## COMMON LAW FRAUD

66. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. To establish a cause of action for common law fraud, a plaintiff must show: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew the representation was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff would act upon it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *In re First Merit Bank*, 52 S.W.3d 749, 758 (Tex. 2001).

68. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Texas. The Defendants made material representations to Plaintiff that were false or were made recklessly without knowledge of their truth with the intent that Plaintiff would rely upon the representation and in fact did rely upon it.

69. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

10

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

Dated: March 12, 2010

                                    Respectfully submitted,

                                    By: /s/ Diana Larson
                                    Diana P. Larson
                                    Texas Bar No. 24007799
                                    The Larson Law Office, PLLC
                                    440 Louisiana, Suite 900
                                    Houston, Texas 77002
                                    Telephone: (713) 221-9088
                                    Facsimile: (832) 415-9762
                                    Email: diana@thelarsonlawoffice.com

                                    <u>Of Counsel To:</u>
                                    LEMBERG & ASSOCIATES L.L.C.
                                    A Connecticut Law Firm
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile: (877) 795-3666

                                    ATTORNEYS FOR PLAINTIFF